## IN THE UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| CEDAR LANE TECHNOLOGIES INC., | § | |
| | § | |
| Plaintiff, | § | Civil Action No. 6:20-cv-01193-ADA |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| XIAOMI, INC., | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT XIAOMI INC.'S MOTION TO DISMISS FOR INVALID SERVICE OF PROCESS UNDER RULE 12(B)(5); OR IN THE ALTERNATIVE, TO VACATE THE COURT'S JULY 28, 2021 ORDER AND QUASH PLAINTIFF'S INVALID ALTERNATIVE SERVICE OF PROCESS; MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION UNDER RULE 12(B)(2)**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.    FACTUAL BACKGROUND......................................................................... 2

III.   ARGUMENT .................................................................................................. 4

     A.    This Case Should Be Dismissed for Improper Service of Process. ....................... 4

          1.    Plaintiff Cannot Avoid the Hague Convention for Serving Xiaomi Inc. in China. ........................................................................... 4

          2.    Plaintiff's Alternative Service Is Also Invalid Under Rule 4(f)(3)............. 8

          3.    Plaintiff's Mail Service Is Invalid Because Plaintiff Failed to Obtain a Signed Return Receipt as Required by Texas Law. ................... 11

          4.    The Principle of Comity Also Insists That Plaintiff's Email Service Be Held Invalid. ....................................................................... 12

     B.    The Case Should Be Dismissed for Lack of Personal Jurisdiction...................... 15

          1.    Xiaomi Inc. Is Not "At Home" in Any U.S. Forum and Is Not Subject to General Jurisdiction in Texas. .................................................. 15

          2.    Xiaomi Inc. Is Not Subject to Specific Jurisdiction in Texas Because It Has Not Sold Any Accused Smartphones in the United States. ........................................................................................... 17

IV.   CONCLUSION............................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co.*,
    No. SA-05-CA-172- XR, 2005 WL 1862631 (W.D. Tex. July 8, 2005) .................................6

*Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cty.*,
    480 U.S. 102 (1987) ..............................................................................................................18

*In re Auto. Parts Antitrust Litig.*,
    No. 16-CV-04003, 2017 WL 10808851 (E.D. Mich. Nov. 2, 2017) ....................................8, 9

*Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*,
    54 F. Supp. 2d 691 (S.D.Tex.1999) ......................................................................................6

*Bolden v. Greenpoint Mortg. Funding, Inc.*,
    No. 3:04-CV-379-P, 2004 U.S. Dist. LEXIS 20508 (N.D. Tex. Oct. 13, 2004) ....................12

*Brewer v. Suzuki Motor of Am., Inc.*,
    No. 4:15-CV-197, 2015 WL 4433046 (S.D. Tex. July 17, 2015) ...........................................6

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.*,
    137 S. Ct. 1773 (2017) .........................................................................................................17

*Celgard, LLC v. SK Innovation Co.*,
    792 F.3d 1373 (Fed. Cir. 2015) ...........................................................................................18

*Codigo Music, LLC v. Televisa S.A. de C.V.*,
    No. 15-CIV-21737, 2017 WL 4346968 (S.D. Fla. Sept. 29, 2017) ........................................9

*Compass Bank v. Katz*,
    287 F.R.D. 392 (S.D. Tex. 2012) ..........................................................................................8

*Convergen Energy LLC v. Brooks*
    No. 20-CV-3746(LJL), 2020 WL 4038353 (S.D.N.Y. July 17, 2020) ...............................9, 10

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ..............................................................................................................16

*Drew Techs., Inc. v. Robert Bosch, L.L.C.*,
    No. 12-15622, 2013 WL 6797175 (E.D. Mich. Oct. 2, 2013) ...........................................9, 10

*Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*,
  107 F. Supp. 3d 134 (D.D.C. 2015) ......................................................................9

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
  564 U.S. 915 (2011)..........................................................................................17

*Ima Jean Robinson Springs v. Sec. Fin. Corp. of Texas*,
  No. SA-11-CA-797-OG, 2011 WL 13324311 (W.D. Tex. Nov. 21, 2011) ...........11

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310 (1945)..........................................................................................15

*J. McIntyre Mach., Ltd. v. Nicastro*,
  564 U.S. 873 (2011)...........................................................................15, 16, 17, 18

*James Avery Craftsman, Inc. v. Sam Moon Trading Enters.*,
  No. SA-16-CV- 00463-OLG, 2018 WL 4688778 (W.D. Tex. July 5, 2018)...........4, 5, 13, 14

*Keeton v. Hustler Magazine, Inc.*,
  465 U.S. 770 (1984)..........................................................................................18

*King v. United States*,
  65 Fed. Cl. 385 (Fed. Cl. 2005) ........................................................................10

*Medellin v. Texas*,
  552 U.S. 491 (2008)..........................................................................................13

*Midmark Corp. v. Janak Healthcare Private Ltd.*,
  No. 3:14-cv-088, 2014 WL 1764704 (S.D. Ohio May 1, 2014)............................13

*O'Dwyer v. Dep't of Transp. & Dev. (In re Katrina Canal Beaches Litig.)*,
  309 F. App'x 833 (5th Cir. 2009) .......................................................................4

*Omni Capital Int'l v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987)..............................................................................................4

*Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*,
  No. 5:20-CV-141-M-BQ, 2020 WL 6063452 (N.D. Tex. Oct. 14, 2020).....................7, 8, 14

*Sang Young Kim v. Frank Mohn A/S*,
  909 F. Supp. 474 (S.D. Tex. 1995) ...................................................................6, 7

*STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.*,
  No. 6:19-CV-00261-ADA, 2019 U.S. Dist. LEXIS 231994 (W.D. Tex. May
  29, 2019) .........................................................................................................13

*Volkswagenwerk Aktiengesellschaft v. Schlunk*,
    486 U.S. 694 (1998) ............................................................................................6

*Walden v. Fiore*,
    571 U.S. 277 (2014) ...........................................................................................18

*Way v. Mueller Brass Co.*,
    840 F.2d 303 (5th Cir. 1988) .............................................................................7

*L.K. ex rel. Yarborough v. Mazda Motor Corp.*,
    No. CIV A 3:09-CV-469-M, 2009 WL 1033334 (N.D. Tex. Apr. 15, 2009)............7

## Statutes

28 U.S.C. § 1400(b) ...............................................................................................3

Tex. Bus. Corp. Act Art. 2.11(A) .........................................................................12

Tex. Civ. Prac. & Rem. Code Ann. §17.041(2) .....................................................5

Tex. Civ. Prac. & Rem. Code Ann. §17.043 ......................................................5, 6

Tex. Civ. Prac. & Rem. Code Ann. § 17.045 .....................................................6, 7

Tex. Civ. Prac. & Rem. Code Ann. § 17.045(c) ....................................................5

## Other Authorities

Fed. R. Civ. P. 4 ........................................................................................7, 8, 9, 10

Fed. R. Civ. P.  4(f) ............................................................................................8, 9

Fed. R. Civ. P. 4(f)(3) ..........................................................................1, 3, 8, 9, 10, 11

Fed. R. Civ. P. 4(h) ................................................................................................9

Fed. R. Civ. P. 12(b)(2)................................................................................1, 2, 20

Fed. R. Civ. P. 12(b)(5)......................................................................1, 2, 4, 15, 20

Restatement (Third) of Foreign Relations Law § 471, cmt. e (1987)............................8

Tex. R. Civ. P. 106(a)(2)...................................................................................11, 12

## I.    INTRODUCTION

Defendant Xiaomi Inc. moves the Court to dismiss this case for invalid service of process under Rule 12(b)(5); or in the alternative, to vacate its July 28, 2021 Order and to quash Plaintiff's alternative email service.  In addition, Defendant moves the Court to dismiss this case with prejudice for lack of personal jurisdiction under Rule 12(b)(2).  Xiaomi Inc. makes this special appearance for the sole purpose of contesting service and jurisdiction based on the following reasons:

First, Plaintiff completely disregarded and evaded the process requirements set out in the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 20 U.S.T. 361 ("Hague Convention"), which are mandatory for serving complaints on defendants in mainland China.

Second, although the Court granted Plaintiff's motion for alternative service, and Plaintiff purportedly has effected service pursuant to the Court's Order: (1) via emailing Xiaomi Inc.'s former U.S. counsel; and (2) via registered mail to a non-party "Xiaomi USA Inc." located in California, both methods of service are invalid under Rule 4(f)(3) and against the well-established precedents in Texas.

Third, this Court has no personal jurisdiction over Xiaomi Inc., which is a Chinese company.  The Complaint relies on nothing but merely conclusory and unsupported allegations that Texas is the proper jurisdiction and venue.  Plaintiff does not allege that Xiaomi Inc. is "at home" anywhere in the United State or this District, or conducts continuous and systematic

1

activities anywhere in the United States or this District.  Plaintiff does not allege that Xiaomi Inc. has purposefully directed activities to in Texas or in the United States, or those conducts relate to the cause of action.  The Complaint does not even allege that Xiaomi Inc. actually sold  or offered for sale any of the accused products in the United States or this District.

For these reasons, the Court should dismiss this case under Rule 12(b)(5) because Plaintiff's alternative service is not in accordance with the Hague Convention; or in the alternative, vacate its July 28, 2021 Order and quash Plaintiff's invalid alternative service of process.  Because the Court lacks personal jurisdiction over Xiaomi Inc. in this case, the Court should grant Xiaomi Inc.'s motion to dismiss with prejudice under Rule 12(b)(2).

## II.    FACTUAL BACKGROUND

On December 29, 2020, Plaintiff Cedar Lane Technologies Inc.  ("Cedar Lane" or "Plaintiff") sued Xiaomi Inc. for alleged infringement of seven of Cedar Lane's patents directed to smartphones.  (Dkt. No. 1, ¶ 7.) Plaintiff is a Canadian corporation without apparent connection to this District.  (*Id.*, ¶ 1.)  Neither does Defendant Xiaomi Inc.

As alleged in the Complaint, Xiaomi Inc. is a Chinese company based in Beijing, China. (Dkt. No. 1, ¶ 2.)  The Complaint only conclusorily alleges in two paragraphs that jurisdiction and venue are proper in Texas:

> This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

2

Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

(Dkt. No. 1, ¶¶5-6.)

Plaintiff does not allege that Xiaomi Inc. maintains any office, employee, or agent in Texas, or owns any phone number, bank account, or property in Texas.  Plaintiff does not allege that Xiaomi Inc. actually sold any accused smartphone in the United States or in this District. All of Plaintiff's allegations are merely "based on information and belief" (Dkt. No. 1, ¶¶23, 29, 35, 38, 45, 48, 55, 58, 65, 71 and 74) and do not actually identify a single sale or offer for sale of the accused smartphones by Xiaomi Inc. in the United States.

On February 8, 2021, without making any attempt to serve Xiaomi Inc. in China through the Hague Convention, Plaintiff moved for leave to effect alternative service under Rule 4(f)(3). (Dkt. No. 8.)  Plaintiff sought to effect alternative service via email upon Xiaomi Inc.'s "recent U.S. counsel" and "via registered mail carrier with return receipt" upon Xiaomi Inc.'s alleged "U.S. location at Xiaomi USA Inc." in California.  (Dkt. No. 8-3.)

On July 28, 2021, the Court granted Plaintiff's motion, stating:

Before the Court is Plaintiffs Motion for Leave to Effect Alternative Service on Defendant Xiaomi, Inc. After considering Plaintiff's Motion and supporting evidence, the Court finds that Plaintiff's Motion should be GRANTED. IT IS THEREFORE ORDERED that Plaintiff may serve Defendant via email upon its recent U.S. counsel Messrs. Ryan Boyd McCrum, rbmccrumb@jonesday.com, and John Joseph Normile, jjnormile@jonesday.com, and Mss. Sarah Ann Geers, sgeers@jonesday.com, and Susan M Gerber, smgerber@jonesday.com, and via registered mail carrier with return receipt upon Defendant's U.S. location at Xiaomi USA Inc., 97 E Brokaw Rd Ste 310, San Jose, CA, 95112-1031.

3

(July 28, 2021 Text Order.)

On July 30, 2021, Plaintiff sent an email to the Jones Day attorneys identified in the July 28, 2021 Text Order, including PDF attachments of the motion, order, complaint and summons. As of the time of this Motion, Plaintiff has not yet filed any "Proof of Service" with the Court stating it has attempted service through "Xiaomi USA Inc."  Plaintiff also has not filed any return receipt with signature from Xiaomi Inc. or Xiaomi USA Inc.

## III.  ARGUMENT

### A.  This Case Should Be Dismissed for Improper Service of Process.

#### 1.  Plaintiff Cannot Avoid the Hague Convention for Serving Xiaomi Inc. in China.

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.  *Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).  Once sufficiency of service is challenged by a defendant's motion to dismiss under Rule 12(b)(5), "[t]he plaintiff bears the burden of establishing its validity." *O'Dwyer v. Dep't of Transp. & Dev. (In re Katrina Canal Beaches Litig.)*, 309 F. App'x 833, 835 (5th Cir. 2009).

The Hague Convention, of which the United States and China are signatories, "sets forth the permissible methods of effecting service abroad." *James Avery Craftsman, Inc. v. Sam Moon Trading Enters.*, No. SA-16-CV- 00463-OLG, 2018 WL 4688778, at *4 (W.D. Tex. July 5, 2018) (Garcia, Ch. J)  The primary method of service authorized by the Convention is through a

member state's "Central Authority." *See* 20 U.S.T. 361, Arts. 2-7. The Central Authority of each member state may then execute service pursuant to its own internal laws, or according to a particular method requested by the requesting state. *Id.* For China, service under the Hague Convention is principally facilitated by the Chinese Central Authority. *See* 20 U.S.T. 361, Art. 5. Service in China pursuant to the Hague Convention requires that all documents served be written in Chinese or that a Chinese translation be attached. 20 U.S.T. 361, Art. 5(3); China - Central Authority & Practical Information. https://www.hcch.net/en/states/authorities/details3/?aid=243.

Here, the relevant forum state is of course Texas, and the long-arm statute under Tex. Civ. Prac. & Rem. Code Ann. §17.043 dictates service requirements on nonresidents: "Nonresident" includes "a foreign corporation." Tex. Civ. Prac. & Rem. Code Ann. §17.041(2).

> In an action arising from a nonresident's business in this state, process may be served on the person in charge, at the time of service, of any business in which the nonresident is engaged in this state if the nonresident is not required by statute to designate or maintain a resident agent for service of process.

Section 17.045(c) directs specific notice requirements for service made pursuant to Section 17.043, including mailing a copy of the process and notice to the non-resident or the non-resident's principal place of business:

> If the person in charge of a nonresident's business is served with process under Section 17.043, a copy of the process and notice of the service must be immediately *mailed to the nonresident or the nonresident's principal place of business*.

*Id. at* § 17.045(c) (emphasis added).

5

Service of process on foreign defendants under Sections 17.043 and 17.045 thus involves the transmittal of documents abroad, and therefore invokes the requirements of the Hague Convention. *See, e.g., Bayoil Supply and Trading of Bahamas v. Jorgen Jarhe Shipping A/S*, 54 F. Supp. 2d 691, 693 (S.D.Tex.1999); *Sang Young Kim v. Frank Mohn A/S,* 909 F. Supp. 474, 479 (S.D. Tex. 1995); *Brewer v. Suzuki Motor of Am., Inc.*, No. 4:15-CV-197, 2015 WL 4433046, at *2 (S.D. Tex. July 17, 2015); *Alternative Delivery Sols., Inc. v. R.R. Donnelley & Sons Co*., No. SA-05-CA-172- XR, 2005 WL 1862631, at *2 (W.D. Tex. July 8, 2005).

Plaintiff cannot meet its burden to show that its purported service on Xiaomi Inc. was valid. Its failure to follow Hague Convention, which is mandatory in this case, renders service defective.  In particular, the method of service in this case is governed by the long-arm statute of the forum state, i.e., Texas. *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1998). The Texas long-arm statute, through Sections 17.043 and 17.045, requires "a copy of the process and notice of the service must be immediately *mailed to the nonresident or the nonresident's principal place of business*." Tex. Civ. Prac. & Rem. Code Ann. § 17.045 (emphasis added); *see also Bayoil Supply*, 54 F. Supp. 2d  at 693.

Thus, for a "foreign resident [such as Xiaomi Inc.], notice must be mailed abroad, triggering the requirements of the Hague Convention." *Id.*; *see also Brewer*, 2015 WL 4433046 at *2; *Alternative Delivery Sols.*, 2005 WL 1862631, at *2 (Rodriguez, J.) ("Because the Secretary must mail the notice to Mexico, this transmittal of service documents abroad implicates the Hague Convention and its requirements"). "Texas courts strictly construe the

6

long-arm statute, and consistently conclude that failure to strictly comply with the statute by forwarding a copy of the process to the nonresident defendant as required by section 17.045 deprives the court of jurisdiction over the defendant." *Sang Young Kim*, 909 F. Supp. at 479.

Plaintiff's purported service (via email to former counsel Jones Day[1] and/or via registered mail to Xiaomi USA Inc.) fails to meet the mandatory requirements of the Hague Convention. Instead, the primary method of service on China authorized by the Hague Convention requires sending translated documents to the Chinese Central Authority. *Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, No. 5:20-CV-141-M-BQ, 2020 WL 6063452, at *5 (N.D. Tex. Oct. 14, 2020). Plaintiff has provided no indication that it has attempted service through the Chinese Central Authority.

While the Hague Convention provides certain alternatives to service through the Central Authority, none of those apply here. Article 10, for example, relates to service via postal mail channels—but notably the Article 10 provisions do not apply to Hague signatories that have objected to them. 20 U.S.T. 361, Art. 10. China is one of many signatories that has expressly

---

[1] Jones Day was Xiaomi Inc.'s counsel in an unrelated 2018 lawsuit in the Southern District Court of New York. Jones Day's receipt of notice of this lawsuit does not affect Plaintiff's obligation to effectuate proper service in this case.  As the Fifth Circuit has repeatedly held, "actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements." *See Way v. Mueller Brass Co.*, 840 F.2d 303, 306 (5th Cir. 1988).  "Plaintiffs must comply with the requirements of the Hague Convention in order to properly commence a lawsuit against a foreign defendant, and the fact that Defendant has appeared despite the defective service does not make the Hague Convention or Rule 4 superfluous."  *L.K. ex rel. Yarborough v.Mazda Motor Corp.*, No. CIV A 3:09-CV-469-M, 2009 WL 1033334, at *2 (N.D. Tex. Apr. 15, 2009) (quotation marks omitted).

objected to Article 10. *See Prem Sales*, 2020 WL 6063452 at *6.  Plaintiff is therefore required

to proceed with service via the Chinese Central Authority, except for limited circumstances not

at issue here.[2]  *See Compass Bank v. Katz*, 287 F.R.D. 392, 397 (S.D. Tex. 2012) (stating that

Mexico's objection to Article 10 means that "service through Mexico's Central Authority is the

exclusive method of service of process on parties in Mexico under the Hague Convention"); *see*

*also* Restatement (Third) of Foreign Relations Law § 471, cmt. e (1987) ("for states that have

objected to all of the alternative methods [of Article 10] service through the Central Authority is

in effect the exclusive means.").

### 2.    Plaintiff's Alternative Service Is Also Invalid Under Rule 4(f)(3).

Even assuming *arguendo* that Plaintiff can interpret the Texas long-arm statute to avoid

the triggering of the Hague Convention, Plaintiff's Rule 4(f)(3) alternative service still cannot

stand.  This is because its service on former *U.S.* counsel and on a company located in the *U.S.* is

service made in the United States, and thus incompatible with "the plain language of Rule 4(f)(3)

[which] limits the Rule to service made outside of the United States."  *In re Auto. Parts Antitrust*

*Litig.*, No. 16-CV-04003, 2017 WL 10808851, at *2 (E.D. Mich. Nov. 2, 2017).

The limited geographic scope of Rule 4(f)(3) stems from the express language of Rule 4,

which states that a defendant: "may be served *at a place not within any judicial district* in the

United States" in one of three ways: (1) "through an internationally agreed upon form of service

---

[2] The Hague Convention provides other alternative service in limited circumstances, but Plaintiff has not set forth that any such circumstances are applicable here.  *See* Notes of Advisory Committee on 1993 Amendment to Rule 4, subdivision (f).

"reasonably calculated to give notice," such as the Hague Convention; (2) if "no internationally

agreed means, or if an international agreement allows but does not specify other means, by a

method that is reasonably calculated to give notice;" or (3) "by other means not prohibited by

international agreement, as the court orders".  Rule 4(f) (emphasis added).

Numerous courts have addressed the use of Rule 4(f)(3) and have concluded that the Rule

cannot be used for methods of service that occur in the United States.[3]  For example, the court in

*Convergen Energy LLC v. Brooks* examined the scope of Rule 4(f)(3) and found that serving a

foreign corporation via U.S. counsel – as Plaintiff has done here – is improper. No. 20-CV-3746

(LJL), 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020).  The plaintiff there had, *after* first

attempting service under the Hague Convention, requested alternative service on various Spanish

defendants. *Id.* The plaintiff requested service via email to defendants' U.S. counsel, who had

been corresponding with the plaintiff about the legal dispute, and who ultimately made a special

appearance in the case to challenge the plaintiff's motion for alternative service. *Id.* at 2.  The

court found that "Plaintiff's request runs squarely up against the language of Rule 4(f) and the

---

[3] *See In re Auto. Parts Antitrust Litig.*, 2017 WL 10808851, at *2; *see also Codigo Music, LLC v. Televisa S.A. de C.V.*, No. 15-CIV-21737, 2017 WL 4346968, at *13 (S.D. Fla. Sept. 29, 2017) ("[T]he plain language of Rule 4(f)(3) requires that the alternative service sought contain, at least, some component of service that will occur outside of the United States." *Freedom Watch, Inc. v. Org. of Petroleum Exporting Countries (OPEC)*, 107 F. Supp. 3d 134, 137-39 (D.D.C. 2015) ("[B]ased on a textual reading of subsections (h) and (f)(3) of Rule 4 ... service cannot occur in the United States" pursuant to Rule 4(f)(3)) (emphasis in original); *Drew Techs., Inc. v. Robert Bosch, L.L.C.*, No. 12-15622, 2013 WL 6797175, at *3 (E.D. Mich. Oct. 2, 2013) ("Court ordered service under Rule 4(f)(3) is clearly limited to methods of service made outside of the United States.").

structure of Rule 4 as a whole," and concluded that Rule 4(f)(3) does not permit service on Spanish defendants via U.S. counsel, because the place of service is within the United States. *Id.* at 7-10.

Here, there is no dispute that the Jones Day attorneys who were purportedly served by Plaintiff are located within the United States, and thus, Plaintiff's email service on Jones Day was within the United States – outside the scope of what is permitted under Rule 4(f)(3). Moreover, unlike in *Convergen Energy*, Jones Day is not representing Xiaomi Inc. in this matter, was not corresponding Plaintiff about this dispute or other matters, and was not authorized to accept service on Xiaomi Inc.'s behalf.  Thus, Plaintiff has not met its burden to show valid service. *See King v. United States*, 65 Fed. Cl. 385, 399– 400 (Fed. Cl. 2005) (finding that where the government sent notice to former counsel and no notice was sent to  the individual directly, notice was not sent in a manner reasonably calculated to apprise the individual of a pending matter affecting her rights).

The same conclusion must also be reached with respect to Plaintiff's yet-to-be accomplished Rule 4(f)(3) service via registered mail to a non-party "Xiaomi USA Inc.," an entity purportedly located in California.  In *Drew Techs.*, the court vacated its prior order that granted alternative service on a German defendant via its related U.S. companies, on the basis that service under Rule 4(f)(3) may be effected only outside of the United States. 2013 WL 6797175 at *1-4.  Here, because Plaintiff seeks to serve Xiaomi USA Inc., an entity located in the United States, mailing of the summons is outside the scope of Rule 4(f)(3), and the purported

10

service is invalid.   Moreover, Plaintiff has also not met its burden in showing that "Xiaomi USA Inc." can even accept service on behalf of Xiaomi Inc. because the *Complaint* does not allege, let alone establish that 1) Xiaomi USA Inc. in fact exists; 2) is a subsidiary of Defendant; or 3) serves as an agent of Xiaomi Inc. in the United States.   Therefore, the Court cannot conclude that substitute service upon "Xiaomi USA Inc." would constitute proper service upon Defendant. *See, e.g., Ima Jean Robinson Springs v. Sec. Fin. Corp. of Texas,* No. SA-11-CA-797-OG, 2011 WL 13324311, at \*7 (W.D. Tex. Nov. 21, 2011).

Thus, Plaintiff cannot put forward a valid theory for its two methods of service. Either its purported service is outside the United States, so that the Hague Convention procedures applies, or it is within the United States, taking it outside the scope of what is permissible under Rule 4(f)(3).

### 3.   Plaintiff's Mail Service Is Invalid Because Plaintiff Failed to Obtain a Signed Return Receipt as Required by Texas Law.

Plaintiff's purported service of process on "Xiaomi USA Inc." cannot stand for yet another reason: Plaintiff failed to follow Texas state rules governing mail service. Texas law authorizes service of process via "registered or certified mail, with return receipt requested." Tex. R. Civ. P. 106(a)(2). This is no surprise to Plaintiff, as it had included this requirement in its proposed Order to the Court (which the Court granted).   Under Texas law, the return receipt must also bear the addressee's signature:

11

> When the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature.

Tex. R. Civ. P. 106(a)(2).

Texas law also requires that service of process on a corporation must be directed to specific persons at the corporation:

> The president and all vice presidents of the corporation and the registered agent of the corporation shall be agents of such corporation upon whom any process, notice, or demand required or permitted by law to be served upon the corporation may be served.

Tex. Bus. Corp. Act Art. 2.11(A); *see also, Bolden v. Greenpoint Mortg. Funding, Inc.*, No. 3:04-CV-379-P, 2004 U.S. Dist. LEXIS 20508, at *14-15 (N.D. Tex. Oct. 13, 2004) (finding Texas law permits service of process via certified mail, return receipt, and requires that service of process on a corporation be directed to the president, vice president, or registered agent of the corporation).

Here, Plaintiff has not yet filed any "Proof of Service" to the Court claiming that it accomplished service via registered mail, so it is unclear whom at "Xiaomi USA Inc." Plaintiff attempted to serve by registered mail. As such, Xiaomi Inc. reserves the right to contest any attempted alternative service via "Xiaomi USA Inc." until Plaintiff files such returned receipt.

**4.    The Principle of Comity Also Insists That Plaintiff's Email Service Be Held Invalid.**

Finding Plaintiff's service of process invalid, which the Court should for the reasons discussed above, also aligns with the principles of comity. "[E]ven when 'other methods of

12

obtaining service of process are technically allowed, principles of comity encourage the court to insist, as a matter of discretion, that a plaintiff attempt to follow foreign law in its efforts to secure service of process upon defendant." *James Avery Craftsman*, 2018 WL 4688778, at *3 (quoting *Midmark Corp. v. Janak Healthcare Private Ltd.*, No. 3:14-cv-088, 2014 WL 1764704, at *2 (S.D. Ohio May 1, 2014)).

The Hague Convention reflects principles of comity between nations. Treaties are meant to regulate conduct between nations. *Medellin v. Texas*, 552 U.S. 491, 505 (2008). And mutual enforcement of a treaty requires each signatory to continue the good-faith enforcement of its terms. *Id.*

Plaintiff has taken a shortcut that sets a poor standard for plaintiffs in this Court and around the country as to good-faith application of the Hague Convention. Plaintiff's Motion for Leave to Effect Alternative Service (Dkt. No. 8) did not recite a single reason why the conventional, formal channels for service in China provided and mandated by the Hague Convention should be ignored here.  Plaintiff's reliance on this Court's decision in *STC.UNM v. Taiwan Semiconductor Mfg. Co. Ltd.* is misplaced because the defendant in that case was in Taiwan, which is *not* a signatory to the Hague Convention, so the Hague did not apply.  *See* Case No. 6:19-CV-00261-ADA, 2019 U.S. Dist. LEXIS 231994 (W.D. Tex. May 29, 2019).

In contrast, Xiaomi Inc. is a Chinese company located in China, which is a signatory to the Hague Convention.  Once triggered, compliance with the Hague Convention is mandatory. *James Avery Craftsman*, 2018 WL 4688778, at *9 (citing *Schlunk*, 486 U.S. at 700)

13

("compliance with the Convention is mandatory in all cases to which it applies"). Thus, Plaintiff has to at least attempt in good faith to serve Xiaomi Inc. through readily available means before seeking leave to effect alternative service.

This Court has not hesitated to require plaintiffs to follow the procedures of the Hague Convention for serving defendants in China. *James Avery Craftsman,* is illustrative. *See* 2018 WL 4688778. The plaintiff there, without having made any attempt to first serve the Chinese defendant under the Hague Convention, requested and received Magistrate Judge Chestney's leave to serve Chinese defendant via email. *Id*. At the default judgment hearing, Chief Judge Garcia held that the Hague Convention applied because plaintiff's service required transmission of documents abroad, and the service address of defendant was not unknown. *Id*. at *16-22. He vacated the Magistrate Judge's Order granting alternative service and ordered the plaintiff to complete service in China within 180 days according to the Hague Convention. *Id*.

Similarly here, Plaintiff clearly knew Xiaomi Inc.'s address in China and was aware of its obligation to serve via the Hague Convention, yet there is no indication that Plaintiff even initiated any Hague Convention procedures. Nor is there indication that Plaintiff has obtained, or even sought, Chinese translations of the complaint and related documents (and indeed, Plaintiff has not yet provided any translations to date). *See Prem Sales*, 2020 WL 6063452, at *9 (finding lack of translation as further showing that plaintiff's service "falls short of satisfying the dictates of the Hague Convention.").

14

Thus, because Plaintiff's alternative service is not in accordance with the Hague Convention and the well-established precedents in Texas, the Court should grant Xiaomi Inc.'s motion to dismiss this case under Rule 12(b)(5), or in the alternative, vacate its July 28, 2021 Order and quash Plaintiff's invalid alternative service of process.

**B.     The Case Should Be Dismissed for Lack of Personal Jurisdiction.**

A court may subject a defendant to judgment *only* when the defendant has sufficient contacts with the sovereign such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)).  "As a general rule, the sovereign's exercise of power requires some act by which the defendant 'purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Id.* (citation omitted).

**1.     Xiaomi Inc. Is Not "At Home" in Any U.S. Forum and Is Not Subject to General Jurisdiction in Texas.**

As the Supreme Court explained in *McIntyre*, "[a] person may submit to a State's authority in a number of ways," including "[c]itizenship or domicile—or, by analogy, incorporation or principal place of business for corporations." *Id.* When a corporation is incorporated or headquartered in a State, it can be inferred that it intends to benefit from and will submit to the law of the forum State and, thus, supports the court's exercise of general jurisdiction over the defendant. *Id.* at 881. If general jurisdiction is present, the court may

15

"resolve both matters that originate within the State and those based on activities and events elsewhere." *Id.* "By contrast, those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts as a general matter." *Id.*

If a corporation is *not* incorporated or headquartered in a State, a court may assert general jurisdiction over it only "when [its] affiliations with the State are so 'continuous and systematic' as to render [them] essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (citation omitted). Under Texas's general jurisdiction statute, a Texas court may exercise general jurisdiction over companies doing permanent and continuous business in Texas.

Here, Xiaomi Inc. does not maintain any office, employee, or agent in Texas or elsewhere in the United States.  (*See* Declaration of See Tho Chee Seong In Support of Defendant Xiaomi Inc.'s Motion to Dismiss for Invalid Service of Process Under Rule 12(B)(5); or in the Alternative, to Vacate the Court's July 28, 2021 Order and Quash Plaintiff's Invalid Alternative Service of Process; and Motion to Dismiss for Lack of Personal Jurisdiction Under Rule 12(B)(2) ("See Tho Decl."), ¶ 2.)  It does not own any phone number, bank account, or property in Texas or elsewhere in the United States.  *Id.*  It does not have any business license in Texas or elsewhere in the United States. *Id.*

Thus, there is no basis for this Court to exercise general jurisdiction over Xiaomi Inc. because it does not have permanent and continuous business in Texas.  *See Daimler*, 571 U.S. at 142 (reversing the exercise of general jurisdiction over a foreign defendant having no presence in the forum State); *McIntyre*, 564 U.S. at 886 (finding the exercise of general jurisdiction improper

16

where the "British manufacturer had no office in New Jersey; it neither paid taxes nor owned

property there; and it neither advertised in, nor sent any employees to, the State…").

> 2.  **Xiaomi Inc. Is Not Subject to Specific Jurisdiction in Texas Because It Has Not Sold Any Accused Smartphones in the United States.**

There is also a more limited form of submission to a state's authority for disputes that

"arise out of or are connected with the activities within the State." *McIntyre*, 564 U.S. at 881

(citation omitted)*.* When a defendant "purposefully avails itself of the privilege of conducting

activities within the forum State, thus invoking the benefits and protections of its laws," such

contacts with and activity directed at the sovereign may justify the exercise of specific

jurisdiction over a defendant "in a suit arising out of or related to the defendant's contacts with

the forum.'" *Id.* (citations omitted).  However, "[i]n order for a court to exercise specific

jurisdiction over a claim, there *must be* an 'affiliation between the forum and the underlying

controversy, principally, an activity or an occurrence that takes place in the forum State.'"

*Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., S.F. Cty.*, 137 S. Ct. 1773, 1781 (2017) (quoting

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) (emphasis

added). "When there is no such connection, specific jurisdiction is lacking regardless of the

extent of a defendant's unconnected activities in the State." *Bristol-Meyers*, 137 S. Ct. at 1781;

*see also Goodyear*, 546 U.S. at 930, n.6 ("[E]ven regularly occurring sales of a product in a

State do not justify the exercise of jurisdiction over a claim unrelated to those sales.").  In a

patent case, courts assess specific jurisdiction "by considering (1) whether the defendant

17

purposefully directed its activities at residents of the forum state, (2) whether the claim arises out of or relates to the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair." *Celgard, LLC v. SK Innovation Co.,* 792 F.3d 1373, 1377 (Fed. Cir. 2015).

A defendant's merely placing goods into the stream of commerce that may end up in the forum does not support the exercise of jurisdiction, however.  "The defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State." *McIntyre*, 564 U.S. at 882 (emphasis added).  Indeed, for the defendant to have established the necessary "minimum contacts" with the forum State, such contacts "must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Indus. Co. v. Sup. Ct. of Cal., Solano Cty.*, 480 U.S. 102, 109 (1987) (citation omitted).

As the Supreme Court explained in *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014), "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (internal quotations omitted).  "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id.* at 284.

18

Here, the only accused products are Xiaomi smartphones.  (Dkt. No. 1-8 to 1-14.)
However, the Complaint fails to connect the accused smartphones with the defendant or the
forum State.  The Complaint only generally alleges that "Defendant has committed acts of patent
infringement giving rise to this action within this District" (Dkt. No. 1, ¶5), but does not specify
what these "acts" were and how these acts were committed.  In fact, Xiaomi Inc. does not sell
*any* smartphone in Texas or elsewhere in the United States. (See Tho Decl., ¶ 3.)  No other
Xiaomi entity directly or indirectly sells Xiaomi's smartphones in Texas or elsewhere in the
United States either.  (*Id*., ¶ 4.)  Indeed, Plaintiff does not and cannot point to any evidence that
Xiaomi has sold or offered for sale any *accused* smartphones anywhere in the United States.
Accordingly, this District lacks specific jurisdiction because Xiaomi Inc. has not purposefully
availed itself of the privilege of conducting activities within Texas or committed any suit-related
conduct within Texas.

To the extent that Plaintiff is relying on the sales of Xiaomi's smartphones through
various websites of nonparties, who are purportedly Xiaomi's customers or distributors, to assert
a stream-of-commerce theory of specific jurisdiction against Xiaomi Inc., Plaintiff's theory is a
nonstarter.  First, neither Xiaomi Inc. nor any other Xiaomi entity has ever instructed or
authorized any distributors to sell *any* Xiaomi's smartphone in Texas or elsewhere in the United
States.  (See Tho Decl., ¶¶3-5.)  Second, any purported sale, offer for sale, or import of the
*accused* smartphones in the United States are without the authorization of Xiaomi Inc.  (*Id*., ¶3.)
Third, even if Xiaomi could be said to have sold the accused smartphones outside the United

19

States to distributors, who then resell them in the United States, there is no evidence whatsoever that Xiaomi consented, participated, or even knew about such resale activities in the District or the United States.  (*Id.*)

Therefore, the Court's exercise of jurisdiction over Xiaomi Inc. here would offend due process because it would be unreasonable for Xiaomi Inc. to expect that it would be subject to this Court's jurisdiction when it has not sold or authorized the sale of any accused smartphones in this District or the United States.  (See Tho Decl., ¶¶3-5.)

## IV.  CONCLUSION

Because Plaintiff's alternative service is not in accordance with the Hague Convention, the Court should grant Xiaomi Inc.'s motion to dismiss this case under Rule 12(b)(5), or in the alternative, vacate its July 28, 2021 Order and quash Plaintiff's invalid alternative service of process.  Because the Court lacks personal jurisdiction over Xiaomi Inc. in this case, the Court should grant Xiaomi Inc.'s motion to dismiss with prejudice under Rule 12(b)(2).

Dated:  August 20, 2021                      Respectfully submitted,

                                             GREENBERG TRAURIG, LLP


                                             /s/ Janis E. Clements
                                             Janis E. Clements
                                             Texas Bar No. 04365500
                                             300 West 6th Street, Suite 2050
                                             Austin, Texas 78701
                                             Tel: (512) 320-7200
                                             Fax: (512) 320-7210
                                             Email: clementsj@gtlaw.com

                                             *Attorneys for Defendant Xiaomi Inc.*


## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was electronically filed with the Court and that counsel of record, who are deemed to have consented to electronic service in the above-referenced case, are being served this 20th day of August 2021, with a copy of the above-document via the Court's CM/ECF System.


                                             /s/ Janis E. Clements
                                             Janis E. Clements

21